{¶ 24} The singular limited focus of the majority opinion concerns prosecutorial misconduct and the majority does not reach other significant issues. While I agree the judgment of the trial court should be reversed, I base that decision on other claims which have been raised on appeal and which I believe should have been addressed by the majority.
 {¶ 25} In the first assignment of error, Thornton claimed a denial of a fair trial based on the court's practice of allowing jurors to pose questions to witnesses at trial. Relying upon State v. Gilden (2001),144 Ohio App.3d 69, which held juror questioning to be per se reversible error, Thornton urges this error justifies a reversal of his conviction.
Contrasted with the reasons set forth in Gilden for disallowing juror questioning and the holding that this is per se reversible error, are decisions from the Third Appellate District, in State v. Cobb (July 24, 2000), Seneca App. No. 13-2000-07, the Fourth Appellate District, inState v. Quillen (Oct. 27, 1995), Hocking App. No. 94CA26, the Fifth Appellate District, in State v. Mascarella (June 30, 1994), Tuscarawas App. No. 93-AP-100075, the Sixth Appellate District, in State v. Ernst
(October 29, 1982), Sandusky App. No. S-82-7, the Seventh Appellate District, in State v. Noser (Dec. 7, 2001), Lucas App. No. L-00-1154, and the Tenth Appellate District, in State v. Fisher (Dec. 20, 2001), Franklin App. No. 01AP-614. These courts leave to the trial court's discretion the issue of juror questioning, having concluded that most concerns are alleviated by the practice of submitting questions in writing to the court.[2]
Applying the abuse of discretion standard, the court here, in my view, abused its discretion in permitting juror questions to be posed to witnesses which resulted in improper testimony at trial: when a juror posed a question to Sharon Thornton regarding whether Robert Thornton was an experienced kick-boxer, she responded that he had taken a course in kick-boxing while he had been incarcerated — obviously improper evidence as it created an inference of his prior criminal record which had not been known to jurors; the court compounded the error in not sustaining the defense objection to this testimony, ordering it stricken from the record, and instructing jurors to disregard the response. In my opinion, this is a ground for reversing Thornton's conviction, because this testimony should never have been admitted at trial.
 {¶ 26} Furthermore, Thornton argues that Patrolman Baeppler, who investigated the allegations of domestic violence and who interviewed both Robert and Sharon Thornton, testified that he believed Robert was the "primary aggressor" and that he found Sharon to be credible in her account of the incident. These statements and opinions are not proper. It is fundamental that the issue of witness credibility and the weight to be given to testimony is left to the province of the jury, not police investigators. And, the ultimate determination of the primary aggressor is for the jury to decide upon proper court instruction. See State v.Boston (1989), 46 Ohio St.3d 108. I believe the admission of this improper evidence also warrants reversal.
 {¶ 27} For these reasons, I concur with the judgment of the majority.
[2] This issue has been certified for review by the Supreme Court of Ohio, in State v. Fisher (2002), 94 Ohio St.3d 1484.